# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is hereby made and entered into on December 5, 2022 (the "Effective Date"), by and between: (i) Mister Softee Inc. ("Mister Softee"); (ii) Fayez M. Abdallah ("Abdallah"); and (iii) Najib Ali Alawdi ("Alawdi"). For purposes of this Agreement, Abdallah and Alawdi will each be referred to individually as a "Defendant," and collectively as the "Defendants."

## BACKGROUND

A.  Mister Softee is a franchisor that grants franchises for the right to establish and operate a mobile business (each a "Franchised Business") offering soft-serve ice cream and other frozen confections to the public from a vehicle built to Mister Softee's specifications (each a "Mister Softee Truck") using Mister Softee's proprietary trademarks, service marks, sonic marks, logos, and other indicia of origin (collectively, the "Mister Softee Marks") and using Mister Softee's proprietary business system, including its distinctive designs, color schemes, copyrighted materials, management and operational procedures, and standards and specifications for product quality, vehicle appearance, and customer service (the "System").

B.  Defendants are former Mister Softee licensees, each of whom once operated a Mister Softee Franchised Business using a licensed Mister Softee Truck in the Buffalo, New York area pursuant to an oral license agreement with Mister Softee (the "License Agreements").

C.  On February 11, 2021, Mister Softee sent a notice of termination (the "Termination Notice") to Defendants, informing them that, as a result of their failure to pay certain licensing fees when due, the License Agreements were thereby terminated, and further demanding that Defendants cease and desist using the Mister Softee Marks by April 1, 2022. On May 5, 2022, after further negotiations between the parties proved unsuccessful, Mister Softee sent Defendants a cease-and-desist notice, in which Mister Softee demanded that Defendants immediately and permanently cease using the Mister Softee Marks and de-identify the trucks used in their ice cream businesses so that they no longer featured any of Mister Softee's unique and proprietary designs.

D.  On November 2, 2022, Mister Softee filed a Complaint (the "Complaint") against Abdallah, Alawdi, and a party not named in this Agreement in the U.S. District Court for the Western District of New York, alleging, among other things, trademark infringement and unfair competition, and seeking a preliminary and permanent injunction against Defendants' continued use of the Mister Softee Marks, an accounting of and judgement for any profits to which Mister Softee would be entitled, treble damages pursuant to the Lanham Act, punitive damages, and attorneys' fees, among other relief.

E.  The parties have agreed to settle the matters complained of in the Complaint on the condition that: (i) Defendants stipulate to an injunction permanently enjoining them from using the Mister Softee Marks; (ii) Defendants immediately de-identify their Mister Softee Trucks, and provide photographic or other proof of such de-identification to Mister Softee; and (iii) Defendants pay to Mister Softee a sum representing their equal share of Mister Softee's attorney's fees and costs in filing the lawsuit, subject to the terms and conditions set forth in this Agreement.

1

# AGREEMENT

In consideration of the mutual promises and covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Background; Definitions.** The parties hereby incorporate by reference all provisions, including definitions, set forth in the Background of this Agreement, as if fully set forth herein.

2. **Stipulation to Injunction.** Upon execution of this Agreement, each party herein shall execute the form of stipulation of settlement and permanent injunction (the "Stipulation of Settlement and Permanent Injunction") attached to this Agreement as Exhibit "A," pursuant to which Defendants shall be permanently enjoined from: (i) operating a Mister Softee Franchised Business, using Mister Softee Trucks, in the Buffalo, New York area and in any other territory or geographic location within the United States and internationally, and (ii) using any of Mister Softee's Marks in any fashion, including on any trucks or vehicles, now or at any time in the future.

3. **De-Identification of Mister Softee Trucks; Defendants' Permanent Cessation of Use of Mister Softee Marks.**

   a.  Within fifteen (15) days of the Court's Order entering the permanent injunction pursuant to Paragraph 2 herein (the "De-Identification Period"), Defendants must cease all current use of the Mister Softee Marks, including, but not limited to, on any trucks or other vehicles, use as a social media account name, handle or URL, domain name, on the Internet/Web, and in email addresses, business directory listings, merchandise, advertisements, business cards, letterhead and other printed materials, and uniforms. On or before the expiration of the De-Identification Period, Defendants agree to comply with and complete, and provide Mister Softee with video, photographic, or other evidence that Defendants have complied with and completely: (i) removed or otherwise disposed of all interior and exterior signage, displays, and/or other visible materials that feature or otherwise display the Mister Softee Marks; (ii) re-painted the colors of any trucks or vehicles featuring Mister Softee's proprietary color designs and trade dress, so that any trucks or vehicles featuring Mister Softee's proprietary color designs and trade dress, so that Mister Softee is satisfied that the trucks or vehicles no longer look like or appear to be Mister Softee Trucks; and (iii) discontinued, destroyed, or otherwise disposed of all signage, vehicle decals, merchandise, equipment, and other goods or products that bear any of the Mister Softee Marks, including the music box that plays Mister Softee's sonic mark which is registered on the principal register at the United States Trademark and Patent Office at Registration Number 2218017.

   b.  Defendants agree and acknowledge that, subject to the De-Identification Period described in this Section 3, Defendants will (i) no longer use or display any of the Mister Softee Marks, including, at any time in the future, and (ii) will not at any time challenge, impair, or take any other action, or assist another in challenging, impairing, or taking any other action, contesting Mister Softee's right, title and/or interest in and to the Mister Softee Marks, including making any application or registration regarding the Mister Softee Marks.

2

4. **Settlement Payments.** Upon execution of this Agreement, Abdallah and Alawdi hereby covenant to pay separately to Mister Softee the sum of Two Thousand Five Hundred Dollars ($2,500) each, for a total settlement in the amount of Five Thousand Dollars (the "Settlement Payments"). The Settlement Payments shall be due and payable to Mister Softee on the fifth day of each month as follows: (i) $833.34 from each of Abdallah and Alawdi by January 5, 2023; (ii) $833.34 from each of Abdallah and Alawdi by February 5, 2023; and (iii) $833.34 from each of Abdallah and Alawdi by March 5, 2023. Each of the Settlement Payments shall be made via a check made out to "Mister Softee, Inc." and delivered to Fisher Zucker, c/o Frank A. Reino, 21 S. 21st Street, Philadelphia, Pennsylvania, 19103.

5. **Release by Defendants.** Upon execution of this Agreement, Defendants, for themselves, their employees, heirs, attorneys, representatives, successors and assigns, unconditionally release, acquit and forever and absolutely discharge Mister Softee and its employees, officers, directors, shareholders, attorneys, representatives, successors and assigns, from any and all causes of action, claims, debts, defenses, disabilities, accounts, demands, damages, claims for indemnification or contribution, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere, whether known or unknown, certain or speculative, asserted or unasserted on account of or in any way concerning the matters set forth in this Agreement occurring prior to the Effective Date.

6. **Release by Mister Softee.** Upon completion of all of Defendants' obligations set forth in this Agreement, Mister Softee, for itself, its employees, officers, directors, shareholders, attorneys, representatives, successors and assigns, unconditionally release, acquit and forever and absolutely discharge Defendants and their employees, heirs, attorneys, representatives, successors and assigns, from any and all causes of action, claims, debts, defenses, disabilities, accounts, demands, damages, claims for indemnification, or contribution, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere, whether known or unknown, certain or speculative, asserted or unasserted on account of or in any way concerning the matters set forth in this Agreement occurring prior to the Effective Date of this Agreement. Nothing in this Agreement may be construed as a limitation on Mister Softee's right to bring any cause of action whatsoever (including without limitation for trademark infringement, trademark dilution, or unfair competition) against Defendants, or against any third party based on events occurring after the Effective Date of this Agreement.

7. **Severability.** In case any covenant, condition, term or provision contained in this Agreement shall be held to be invalid, illegal, or unenforceable in any respect, in whole or in part, by judgment, order or decree of any court or other judicial tribunal of competent jurisdiction, the validity of the remaining covenants, conditions, terms and provisions contained in this Agreement, and the validity of the remaining part of any term or provision held to be partially invalid, illegal or unenforceable, shall in no way be affected, prejudiced, or disturbed thereby.

8. **Construction of Language.** The language of this Agreement will be construed according to its fair meaning, and not strictly for or against either party. The parties have had a reasonable opportunity to review this Agreement. In the event of an ambiguity or if a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by all of the parties, and no presumptions or burdens of proof shall arise in favor of any party by virtue of the

3

authorship of any of the provisions of this Agreement. Headings are for reference purposes and do not control interpretation.

9. **Attorneys' Fees.** If Mister Softee retains an attorney to enforce the terms of this Agreement, Defendants shall reimburse Mister Softee for the attorney fees it incurs in enforcing this Agreement together with any costs if Mister Softee brings any further action against Defendants.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey, without regard to its conflict of law provisions.

11. **Injunctive Relief.** Nothing in this Agreement shall prevent either party from seeking to obtain injunctive relief, without posting a bond, against threatened conduct that will cause either party loss or damages, under the usual equity rules, including the applicable rules for restraining orders and preliminary and permanent injunctions.

12. **Entire Agreement.** This Agreement constitutes the entire, full, and complete agreement between the parties concerning the matters herein and supersedes any and all prior agreements.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first written above.

MISTER SOFTEE, INC.

By: _____

Name: Michael W. Conway

Title: Vice President

Date: 12/6/2022

FAYEZ M. ABDALLAH

_____
Fayez M. Abdallah, Individually

NAJIB ALI ALAWDI

_____
Najib Ali Alawdi, Individually

4

# EXHIBIT A
## STIPULATION OF SETTLEMENT AND PERMANENT INJUNCTION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MISTER SOFTEE, INC.,

    Plaintiffs,

v.

FAYEZ M. ABDALLAH,

NAJIB ALI ALAWDI and

AMNA A. MOHAMAD

    Defendants.

CIVIL ACTION NO.

## STIPULATION OF SETTLEMENT AND CONSENT JUDGMENT FOR PERMANENT INJUNCTION

Plaintiff Mister Softee, Inc. ("Plaintiff") and Defendants Fayez M. Abdallah and Najib Ali Alawdi (collectively, the "Appearing Defendants") stipulate that:

(1) a Permanent Injunction is entered in favor of Plaintiff and against Appearing Defendants as follows:

    a. Mister Softee owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663546 (the "Mister Softee Logos"). Mister Softee also owns and has registered a sensory mark which consists of the Mister musical jingle mark at Registration No. 2218017 (the "Mister Softee Sonic Mark"). Additionally,

6

Mister Softee owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design"). Mister Softee also created and uses the marks "Tu-Tone Cone," "Twinkletop Conehead," "Cherry Top Conehead," "Chocolate Top Conehead" and "Devil's Delight Conehead." The term "Conehead" refers to Mister Softee's cartoon logo of an ice cream cone with a smiling face and bow tie. (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

b.  the Appearing Defendants and their agents, employees and any person or entity acting in concert with any of them are permanently enjoined and restrained from using Mister Softee's Marks, trade dress, and trade names or any colorable imitation thereof in any manner whatsoever;

c.  the Appearing Defendants shall deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark, trade dress or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118, including but not limited to, their music boxes that play Mister Softee's Sonic Mark;

d.  the Appearing Defendants shall paint their ice cream trucks colors that are

7

different than blue and white and deliver proof to Mister Softee that the trucks are deidentified as ordered within 15 days of this Order.

MISTER SOFTEE, INC.

_____
Michael Conway, Vice-President

FAYEZ M. ABDALLAH

_____
Fayez M. Abdallah

NAJIB ALI ALAWDI

_____
Najib Ali Alawdi

APPROVED AND SO ORDERED:

_____
Lawrence J. Vilardo
UNITED STATES DISTRICT JUDGE

8